IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TENDAYI GOCHERA, | : | No. 08-CV-1615 |
| Petitioner, | : | |
| | : | Judge John E. Jones III |
| v. | : | |
| | : | (Magistrate Judge Blewitt) |
| DEPARTMENT OF HOMELAND SECURITY, et al. | : | |
| Respondents. | : | |

## MEMORANDUM

## May 28, 2009

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Rec. Doc. 12) which recommends that we grant Tendayi Gochera's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] No objections to the R&R have been filed by any party.[2] For the reasons set forth below, the Court will adopt the R&R.

I. **STANDARD OF REVIEW**

---

[1] To the extent that the habeas petition states a due process claim based on Petitioner's detention beyond the six month-post-removal period, Magistrate Judge Blewitt recommends the claim be dismissed.

[2] Objections were due by December 26, 2008. To this date, none have been filed.

1

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. BACKGROUND

Petitioner Tendayi Gochera ("Petitioner" or "Gochera") filed her petition for writ of habeas corpus on August 28, 2008. The petition is based on Gochera's continued detention beyond the six month-post-removal period as stated in the Immigration Nationality Act, 8 U.S.C. § 1231(a)(6). The petition also appeared to raise a Fifth Amendment due process claim arising out of the same events.

Through a well-reasoned R&R dated December 8, 2008, Magistrate Judge Blewitt recommended that we dismiss any Fifth Amendment due process claim as may be present in the petition and that we grant the petition itself to the extent that the Bureau of Immigration and Customs Enforcement be directed to provide Petitioner with a new custody review hearing within thirty days. As we have already mentioned, neither Defendants nor the Plaintiff have filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*. An appropriate Order will enter.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TENDAYI GOCHERA, | : | CIVIL ACTION NO. **4:CV-08-1615** |
| Petitioner | : | (Judge Jones) |
| v. | : | (Magistrate Judge Blewitt) |
| DEPARTMENT OF HOMELAND SECURITY, et al., | : | |
| Respondents | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On August 28, 2008, Petitioner, Tendayi Gochera filed, *pro se*, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, with two (2) Exhibits attached, Exs. A &B. (Doc. 1). Currently, the Petitioner is a detainee of the Bureau of Immigration and Customs Enforcement ("BICE") at York County Prison, York, Pennsylvania ("YCP"). The Petitioner was granted leave to proceed *in forma pauperis*.

The Court issued a Show Cause Order on September 19, 2008, and directed the Respondents to respond to the Petition. (Doc. 4). On October 8, 2008, the Respondents filed their Response to the Habeas Petition and attached several exhibits to it, Exs. A-I. (Doc. 5). The Petitioner filed a traverse on October 14, 2008. (Doc. 7).

**II. Claims of Habeas Petition.**

The Petitioner is challenging the constitutionality of his continued detention beyond the six month-post-removal period as stated in the Immigration Nationality Act § 241(a)(6) as amended,

8 U.S.C. § 1231(a)(6). (Doc. 1 at 1). The Petitioner seeks either enforcement of his final order of removal, or supervised release from detention until BICE can execute said order. (Doc. 1 at 1-2).

Petitioner has been detained by BICE since February 15, 2008. (Doc. 1 at 2). At the time of filing his Habeas Petition, Petitioner was detained by BICE at YCP, where he is currently detained.

Since the complete factual background of Petitioner's case is stated in the Respondents' Response, is supported by the exhibits attached to the Response, and is substantially the same as the Petitioner's, we do not repeat the entire background herein. (Doc. 5 at 2-4 and Doc. 1 at 2-3). The Petitioner is a native of Liberia and is not a lawful permanent resident of the United States. In December 2003, an Immigration Judge ordered the Petitioner removed to Liberia and was released free on bond. (Doc. 5, Ex. E). The Petitioner's release was revoked in February 2008 because the Petitioner was charged with Burglary, Indecent Assault, and as a Defiant Trespasser on June 24, 2007. (Doc. 5, Ex. F). In the Notice of Revocation and Release, the Petitioner was advised of his duty to comply with his order of removal and cooperate with BICE in effecting his removal. (Doc. 5, Ex. F).

In August 2008, the Petitioner was given a custody review, where it was noted that officials from Liberia and Zimbabwe had indicated that the Petitioner had claims to citizenship in either country and that the Petitioner could go through a process in either country to gain citizenship, which would allow for the issuance of travel documents. (Doc. 5, Ex. G at 3, 4, 7). It was also noted that the Petitioner refused to pursue citizenship with either country. (Doc. 5, Ex. G). As a result of this custody review, BICE determined that the Petitioner would not be released from

detention. (Doc. 5, Ex. H). BICE served a Notice of Failure to Comply, pursuant to 8 C.F.R. § 241.1(g), upon the Petitioner. (Doc. 5, Ex. H). The Notice informed the Petitioner of his failures in cooperating with efforts to remove him, and advised him of potential penalties for continued resistance. (Doc. 5, Ex. H). The Petitioner was given a warning on September 5, 2008, of his need to cooperate, as well as a list of actions he was required to take to facilitate his removal. (Doc. 5, Ex. I).

## III. Discussion.

The Petitioner claims that his continued indefinite detention at YCP is unconstitutional under *Zadvydas v. Davis*, 533 U.S. 678 (2001), as he has been in custody for more than six months and it is unlikely that the Respondents will be able to remove the Petitioner to Liberia or Zimbabwe in the reasonably foreseeable future. (Doc. 1, Ex. B at ¶ 21.). In addition, the Petitioner claims that his continued detention violates due process since he states that he is not a danger to the community or a flight risk. (Doc. 1 at 1, 4).

### A. Zadvydas Claim

It is well-settled that once aliens have entered the United States, even illegally, they are entitled to due process protection against unlawful or arbitrary restraint by the government. *See Patel v. Zemski*, 275 F. 3d 299, 307 (3d Cir. 2001). The *Patel* Court also stated that under *Zadvydas*, immigration detention implicates a fundamental liberty interest and that the INS is limited with respect to the detention of post-removal-order aliens "to a period reasonably necessary

3

to bring about the alien's removal, generally no more than six months." *Id.* at 309 (citing *Zadvydas*, 121 S. Ct. at 2505).[1]

In *Zadvydas*, 533 U.S. at 689, the Court held that "the statute [§241 (a)(6)], read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. . .[i]t does not permit indefinite detention." *Id.* at 689. "A statute permitting indefinite detention of an alien would raise a serious constitutional problem. The Fifth Amendment's Due Process Clause forbids the Government to depriv[e] any person ... of liberty ... without due process of law." *Id.* at 690, 121 S. Ct. at 2505; *Patel*, 275 F. 3d at 309.

Subsequent to *Zadvydas*, BICE enacted new regulations in which it established a custody review procedure. *See* 8 C.F.R. § 241.13. Section 241.13 "establishes special review procedures for those aliens who are subject to a final order of removal and are detained under the custody review procedures provided at § 241.4 after the expiration of the removal period, where the alien has provided good reason to believe there is no significant likelihood of removal to the country to which he or she was ordered removed ... in the reasonably foreseeable future." 8 C.F.R. § 241.13(a).

While it is true that INA § 241(a) sets forth only a 90-day removal period, and the *Zadvydas* Court held that post-order of removal immigration detention is only presumptively reasonable for a six-month period, it is possible for an alien to be detained longer than six months. INA

---

[1]*Patel* was reversed in part by *Demore v. Kim*, 538 U.S. 510 (2003).

§ 241(a)(1)(C), codified at 8 U.S.C. § 1231(a)(1)(C) provides that:

> The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

Here, the Respondents argue that the Petitioner's removal period has not yet expired since he has failed to cooperate in BICE's efforts to remove him, and that he has thwarted attempts to remove him. (Doc. 5 at 6-7). In a November 21, 2008 letter to the Court, the Petitioner indicates that he has complied with BICE's efforts to remove him and has cooperated in obtaining travel documents. (Doc. 11). The Respondents submitted evidence showing that the Petitioner has received notice of his alleged lack of compliance and has been given lists of things he was required to complete in order to obtain travel documents from either Liberia or Zimbabwe. (Doc. 5, Ex. G at 3, & Ex. I). However, the Petitioner indicates in his November 21, 2008 letter that he has had difficulty obtaining the travel documents and completing the list of tasks given to him by BICE. (Doc. 11). The Petitioner's father, who is assisting him with the removal process, also wrote a letter to the Court, detailing his efforts to help his son. (Doc. 8). The Petitioner's father indicates that he is unable to locate his original birth certificate and that he has spoken to officials from both the Liberian and Zimbabwe governments. (Doc. 8). At this time, we do not find that the record establishes the Petitioner's failure to assist BICE. The Petitioner should not be required to wait for another custody determination by BICE before he can present his evidence regarding his efforts.

Since we do not find the record clear as to whether the Petitioner has cooperated regarding his removal, we shall recommend that this Court issue an Order granting Petitioner's Habeas

Petition to the extent that BICE be directed to provide the Petitioner with a new custody review within thirty (30) days.

### B. Due Process Claims

The Petitioner appears to claim that the Respondents have violated his due process rights by failing to conduct a meaningful custody review pursuant to 8 C.F.R. § 241.4 and that they failed to make a proper assessment of his threat to the community and risk of flight. (Doc. 1).

The Petitioner contends that BICE's decision to detain him beyond six months was arbitrary and capricious and that he is not a flight risk or a danger to the community. We find that the Petitioner received a meaningful custody review. There is no evidence that BICE's August 12, 2008 decision to continue the detention of the Petitioner was arbitrary and capricious. The August 12, 2008 custody review was not a cursory review, and there was a sufficient showing that he was a flight risk and danger to the community based on his prior criminal record. In the analysis and recommendation portion of the custody review, the reviewing officer stated that:

> When confronted about his last criminal conviction which involved Burglary and Forcible Indecent Assault, the subject denied responsibility and claimed that he was wrongly convicted. Due to the subject's serious criminal history involving repeated sexual offenses, and his failure to comply with probationary and OSUP requirements, I believe the subject is a danger to the community and will likely commit further sexual assault offenses.

(Doc. 5, Ex. G at 7). The reviewing officer also indicated that the Petitioner had not been cooperating with his removal from the United States to either Liberia or Zimbabwe, and had threatened to sue BICE for his continued detention. (Doc. 5, Ex. G at 7).

6

Accordingly, we recommend that the Petitioner's due process claim be dismissed.

IV. Recommendation.

Based on the foregoing, it is respectfully recommended that the Petitioner's Petition for Writ of Habeas Corpus be granted to the extent that BICE be directed to provide the Petitioner with a new custody review within thirty (30) days, including an in-person interview and consideration of his documents submitted, as well as his efforts to cooperate with the removal process.

                s/ Thomas M. Blewitt
                THOMAS M. BLEWITT
                United States Magistrate Judge

Dated: December 8, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TENDAYI GOCHERA, | : | CIVIL ACTION NO. **4:CV-08-1615** |
| Petitioner | : | (Judge Jones) |
| v. | : | (Magistrate Judge Blewitt) |
| DEPARTMENT OF HOMELAND SECURITY, et al., | : | |
| Respondents | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **December 8, 2008.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

_____   **s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: **December 8, 2008**

9